JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:12-cv-01473-JHN-CW                                Date:  April 25, 2012
Title:     Geoffrey Lockwood v. Crane Co. et al

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
            Not Present                                      Not Present

**Proceedings:** ORDER REMANDING MATTER TO LOS ANGELES COUNTY
SUPERIOR COURT   (In Chambers)

This matter is before the Court on Plaintiff Geoffrey Lockwood's ("Plaintiff") Motion to Remand Case to Los Angeles Superior Court.  (Docket no. 28.)  Defendant Foster Wheeler LLC ("Defendant") has filed an opposition (docket no. 45) and Plaintiff has filed a reply (docket no. 57).  The Court has reviewed the parties' briefs and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons herein, the Motion is GRANTED.

I.     **Legal Background**

A civil case that is commenced in a state court against any person "acting under" the direction of a United States officer may be removed by that defendant to the district court.  28 U.S.C. § 1442(a)(1).  A party seeking removal under § 1442 must show that: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'"  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citations omitted).  With regard to the second element, § 1442(a)(1) specifically requires that a plaintiff's claim be based upon defendant's conduct "acting under" a federal officer.  "[P]recedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior."  *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No. 2:12-cv-01473-JHN-CW | Date: April 25, 2012 |
| Title: Geoffrey Lockwood v. Crane Co. et al | |

(2007) (emphasis in the original). "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153.

"The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II. Discussion

Defendant removed the instant action from Los Angeles Superior Court on February 22, 2012, on the grounds that in manufacturing the "marine steam generators, including boilers and economizers, on the USS Taluga," which Plaintiff allegedly worked on, it acted "under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1)." (Docket no. 1 (the "Notice of Removal") ¶¶ 6-8.) Plaintiff argues that its express waiver, filed shortly after Defendant removed the action, defeated any basis for federal jurisdiction. (Mot. 2.)

Specifically, Plaintiff's Notice of Waiver of Claims against Foster Wheeler LLC stated:
> Plaintiff hereby waives **any** claims against defendant Foster Wheeler LLC relating to or arising out of plaintiff's asbestos exposure at military and federal government jobsites or from U.S. military or other government vessels.

(Docket no. 14 at 1) (emphasis added).

Although Defendant argues in its opposition that Plaintiff's waiver is insufficient, the Court agrees with the several district courts that have found virtually identical waivers in virtually identical situations sufficient to justify remand. *See, e.g.*, *Pratt*

JS-6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:12-cv-01473-JHN-CW | Date:  April 25, 2012 |
| Title:    Geoffrey Lockwood v. Crane Co. et al | |

*v. Asbestos Corp. Ltd*, 2011 WL 4433724 at *2 (N.D. Cal. Sept. 22, 2011) (Chen, J.) ("Plaintiff's waiver has rendered any federal defenses moot.  There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims."); *Westbrook v. Asbestos Defendants*, 2001 WL 902642 at *3 (N.D. Cal. July 31, 2001) (Walker, J.) ("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand.").

Many of the cases Defendant cites are inapposite because they addressed narrower waivers.  *See Nelson v. Foster Wheeler*, No CV 07-8338 VBF (RCx) (C.D. Cal. Feb. 8, 2008) (denying remand where plaintiff's waiver, included in its complaint, explicitly excluded duty to warn claims relating to exposure on U.S. Navy vessels); *Wright v. Foster Wheeler*, C07-05403 MJJ (N.D. Cal. Feb. 25, 2008) (denying remand where plaintiff's waiver explicitly excluded claims "arising from a failure to warn.").  Here, Plaintiff's Notice of Waiver specifically disclaims "*any* claims" arising from exposure at military and federal government jobsites and vessels, and thus, there is no jurisdictional basis for this action to remain in federal court. (Docket no. 14 at 1) (emphasis added).

Therefore, Plaintiff's Motion for Remand (docket no. 28) is **GRANTED**.  The matter is hereby **REMANDED** to the Los Angeles County Superior Court.

IT IS SO ORDERED.

   : N/A
Initials of Preparer    AM

---